UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GLENDY ARACELY PEREZ VILLALTA,    )
                                  )
                  Petitioner,     )
                                  )
        v.                        )    No. 1:26-cv-00711-JMS-KMB
                                  )
PAMELA BONDI Attorney General of the United  )
States, *et al.*,                 )
                                  )
                  Respondents.    )

## ORDER

This Court received this habeas corpus action by transfer from the Western District of Kentucky. The Court orders the parties to show cause why the action should not be dismissed given that the petitioner is no longer in custody.

## I. Background

Glendy Perez Villalta petitioned for a writ of habeas corpus on March 18, 2026, in the Western District of Kentucky. Dkt. 1. Ms. Perez Villalta asserted that she was unlawfully held at the Grayson County Jail on behalf of U.S. Immigration and Customs Enforcement. She asked the court to order that she be provided a bond hearing. *Id.* at 11.

Ms. Perez Villalta also moved for a temporary restraining order enjoining the respondents from removing her from the Grayson County Jail during the pendency of the habeas action. Dkt. 4. That motion remains pending.

The court issued a show cause order on March 19. Dkt. 7. That order set a briefing schedule and ordered the parties—including Ms. Perez Villalta—to appear for a hearing on March 25.

After taking evidence from the parties, the court determined that Ms. Perez Villalta was not in Grayson County when her petition was filed on March 18. Rather, ICE transported Ms. Perez Villalta to Indianapolis, and then on to Louisiana, on March 18. Ms. Perez Villalta was likely in the air between Indianapolis and Louisiana at the time her attorney filed the petition. Ms. Perez Villalta then remained in Louisiana until March 23, at which time she was removed to her native Honduras. Dkt. 17 at 1–2.

Based on those findings, the court determined that the Western District of Kentucky was not the proper venue for the habeas action. The court transferred the case to this District, where Ms. Perez Villalta boarded the plane she was on at the time her petition was filed. Dkt. 17. The court did not address the question of whether the petition is now moot given Ms. Perez Villalta's removal to Honduras.

## II. Order to Show Cause

The current record suggests that this case no longer presents a case or controversy capable of resolution through a habeas corpus action in this Court. For the following three reasons, the Court orders the parties to show cause why it should not be dismissed without prejudice.

### A.    Mootness of Original Issues

First, a "case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* On the current record, the "issues presented" in Ms. Perez Villalta's petition "are no longer live." *Id.* Her petition seeks a bond hearing based on allegations that she is unlawfully confined at the Grayson County Jail without consideration of bond. Ms. Perez Villalta is no longer confined at the Grayson County Jail. The record indicates

that she is no longer confined at all. The Court cannot direct Ms. Perez Villalta's custodian to hold a bond hearing because she has no custodian. And, if a hearing was held, she could not gain any practical benefit from it.

## B.    Nature of Relief Sought

Second, the relief that would now benefit Ms. Perez Villalta—return to the United States and review of her removal—is not habeas corpus relief. A prisoner may petition for a writ of habeas corpus to seek immediate or speedier release from custody or release from one "level of custody" to another. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002). A prisoner who is or was confined but seeks relief other than release from custody may have viable claims, but they may not be presented in a habeas corpus action. *Id.* Ms. Perez Villalta is no longer in custody in the United States, and it does not appear that she is in custody in Honduras. She may have viable claims concerning the lawfulness of her removal, but those claims are not properly presented through a habeas corpus petition in this Court. *See* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal . . . ."); § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention, but respondent invokes the writ to achieve an entirely different end, namely, to obtain additional administrative review of his asylum claim and ultimately to obtain authorization to stay in this country.").

3

The cases Ms. Perez Villalta cites in her supplemental petition do not change this analysis. Dkt. 15 at 4–5. One concerns a now-defunct statute.[1] Others concern habeas cases involving both immigration and criminal issues, presenting questions about collateral consequences that are not relevant here.[2] One is not described as a habeas case.[3] And one reaches precisely the same conclusion this Court reaches: "a habeas court lacks the authority to grant the relief Zalawadia seeks—either to order the INS to readmit Zalawadia into the country or to direct the BIA to conduct a new deportation proceeding on Zalawadia's behalf—as either of these forms of relief are beyond the discrete nature of a habeas action." *Zalawadia v. Ashcroft*, 371 F.3d 292, 301 (5th Cir. 2004).

The bottom line is unavoidable. Ms. Perez Villalta filed a habeas petition challenging her confinement by ICE in a county jail and seeking a bond hearing. She is no longer confined by ICE or in the county jail, and a bond hearing is of no value to her. She ultimately seeks return to the United States and reconsideration of one or more aspects of her removal proceeding, neither of which can be achieved through a habeas petition.

## C.    Transferring Court's Jurisdiction to Enforce Its Orders

Third, to the extent Ms. Perez Villalta asserts that this case must continue because she was removed in violation of the transferring court's order to keep her in Grayson County, *see* dkt. 15 at 2, she may present that issue through an appropriate motion in the original case. Whether or not the Western District of Kentucky was the proper forum for Ms. Perez Villalta's habeas petition, it has jurisdiction to interpret, enforce, and punish violations of its own orders. *See, e.g.*, *S.E.C. v.*

---

[1] *See Singh v. Waters*, 87 F.3d 346 (9th Cir. 1996) (applying 8 U.S.C. § 1105a).

[2] *See Leitao v. Reno*, 311 F.3d 453, 455–56 (1st Cir. 2002); *Chong v. Dist. Dir., I.N.S.*, 264 F.3d 378, 384 (3d Cir. 2001); *Max-George v. Reno*, 205 F.3d 194, 196 (5th Cir. 2000); *Tapia Garcia v. I.N.S.*, 237 F.3d 1216, 1217–18 (10th Cir. 2001).

[3] *See L. v. U.S. Immigration & Customs Enforcement*, 403 F. Supp. 3d 853 (S.D. Cal. 2019).

*Homa*, 514 F.3d 661, 673 (7th Cir. 2008) ("[A] court possesses the independent authority to enforce its own injunctive decrees."); *see also Chambers v. NASCO*, 501 U.S. 32, 44–45 (1991) (District Courts have "the ability to fashion an appropriate sanction for conduct which abuses the judicial process.").

### III. Conclusion

Ms. Perez Villalta's motion for a temporary restraining order, dkt. [4], is **denied as moot**. She will have **through April 29, 2026**, to **show cause** why this action should not be **dismissed without prejudice** due to her release from custody and removal from the United States. Any effort to show cause must be accompanied by an amended petition stating specifically what relief she requests this Court to award if her petition is granted. The respondents will have **seven days** to file any response.

**IT IS SO ORDERED.**

Date: 4/16/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

5

Distribution:

Michael D. Ekman
U.S. Attorney Office – Louisville
717 W. Broadway
Louisville, KY 40202

Calesia Henson
DOJ-USAO
calesia.henson@usdoj.gov

Kristin A. Hoffman
Gresk & Singleton
khoffman@gslawindy.com

Jo E. Lawless
U.S. Attorney Office - Louisville
717 W. Broadway
Louisville, KY 40202

Benjamin Seth Schecter
U.S. Attorney Office - Louisville
717 W. Broadway
Louisville, KY 40202

Timothy D. Thompson
U.S. Attorney Office - Louisville
717 W. Broadway
Louisville, KY 40202